IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| CFA INSTITUTE, ) | |
| ) | |
| Plaintiff, ) | Case No: 2:10-mc-00848-VEH |
| ) | |
| v. ) | |
| ) | |
| INSTITUTE OF CHARTERED ) | |
| FINANCIAL ANALYSTS OF ) | |
| INDIA, ) | |
| ) | |
| Defendant, ) | |
| ) | |
| MAGAZINE EXPRESS, INC. ) | |
| ) | |
| Garnishee. ) | |
| _____ ) | |

## MOTION FOR LEAVE TO INTERVENE

**I.  RELIEF SOUGHT**

ICFAI University-Dehradun ("IUD") moves for an order permitting it to intervene in this action as a matter of right under Rule 24(a)(2) of the *Federal Rules of Civil Procedure*.

**II.  CLAIMS TO BE ASSERTED**

By intervening in this action, IUD seeks to assert its rights and interests in the property sought to be garnished in this action.  Plaintiff, CFA Institute, is attempting to garnish property in the possession of Magazine Express under the false premise that such property belongs or is owed to Defendant, Institute of

{B1158729}

Chartered Financial Analysts of India ("ICFAI").  On information and belief, ICFAI has no business relationship with Magazine Express.  Magazine Express's contractual relationship is with IUD who is neither a party to this action nor a party to the final judgment upon which the garnishment proceeding is purportedly based.  IUD's Complaint in Intervention is attached as "Exhibit 1."

### III.   GROUNDS FOR INTERVENTION

Magazine Express entered into an agreement with ICFAI University Press, which is the publishing arm of IUD.  This Agreement allows Magazine Express to sell and display IUD products in return for certain royalties.  On information and belief, no contract exists between Magazine Express and ICFAI.  In support of its Process of Garnishment, CFA Institute submitted purported "screenshots" of materials which CFA Institute alleges are sold by Magazine Express on behalf of ICFAI. (Ex. 1 to the Aff. of Carol Jeanne Anderson, attached as Ex. A to Dkt. 1.)  However, those screenshots reveal that the materials are published by ICFAI University Press, not ICFAI. (*Id*.)  Any funds held by Magazine Express as a result of sales these materials are owed to IUD, not ICFAI.  Magazine Express acknowledges in its answer to the writ of garnishment that the funds in its possession "belong[] to ICFAI University Press," which as stated above is a division of IUD.

**IV.   INTERVENTION AS OF RIGHT**

To intervene as of right pursuant to Rule 24(a)(2), IUD must establish: (1) its application to intervene is timely; (2) it has an interest relating to the property or transaction which is the subject of the action; (3) it is so situated that disposition of the action, as a practical matter, may impede or impair its ability to protect that interest; and (4) its interest is represented inadequately by the existing parties to the lawsuit. *M.H. Fox v. Tyson Foods, Inc.*, 519 F.3d 1298, 1302-03 (11th Cir. 2008) (quoting *Chiles v. Thornburgh*, 865 F.2d 1197, 1213 (11th Cir. 1989)).  If these four requirements are satisfied, intervention must be granted. *Chiles*, 865 F.2d at 1213.

    **A.**    <u>IUD's Intervention is Timely.</u>

The Writ of Garnishment was served on Magazine Express on April 15, 2010. (Dkt. 9.)  According to the instructions included in the Writ of Garnishment, and Alabama law, the garnishee has 30 days after service to answer the writ of garnishment. ALA. CODE § 6-6-393.  That 30-day period ends May 15, 2010, a Saturday, making the answer due May 17, the following Monday. FED. R. CIV. P. 6(a)(1)(C).

In assessing the timeliness of a motion to intervene, the Court should consider four factors:

> (1) the period of time during which the putative intervenor knew or reasonably should have known of his interest in the case before he

>petitioned for leave to intervene; (2) the degree of prejudice to the existing parties as a result of the . . . intervenor's failure to move to intervene as soon as he knew or reasonably should have known of his interest; (3) the extent of prejudice to the . . . intervenor if his position is denied; and (4) the presence of unusual circumstances militating either for or against a determination that the application is timely.

*Walker v. Jim Dandy Co.*, 747 F.2d 1360, 1365 (11th Cir. 1984) (citing *Stallworth v. Monsanto Co.*, 558 F.2d 257, 264-66 (5th Cir. 1977)).  IUD's petition for intervention comes within the time allowed for an answer to the writ of garnishment.  Neither of the existing parties will be prejudiced by this intervention, as the ownership of the funds sought to be garnished is already a central issue in the proceeding.  Further, IUD will be severely prejudiced if it is not allowed to intervene and the claims made to its property are adjudicated in its absence.

    **B.**    <u>IUD Has An Interest In The Property Which Is The Subject Of This Action</u>.

To meet the interest requirement, IUD must show a "direct, substantial, legally protectable interest in the proceeding." *Chiles*, 865 F.2d at 1213.  IUD meets this test because the property sought to be garnished belongs to IUD. *See Builders Supply Co., Inc. v. Smith*, 620 So. 2d 10 (Ala. Civ .App. 1992) (affirming trial court's judgment in favor of intervenor in a garnishment proceeding which alleged that it was the sole owner of the funds sought to be garnished).

**C.     Disposition Of This Action May Impair IUD's Ability To Protect Its Interest In The Property Which Is The Subject Of This Action.**

Once the interest requirement is met, IUD must show that the ability to protect its interest will be impaired or impeded in some "practical" manner if intervention is not granted. FED. R. CIV. P. 24(a)(2).  Where the disposition of an action likely will result in precluding or hampering a third party with an interest in property which is the subject of the action, courts have held consistently that intervention should be granted. *See, e.g.*, *Gaines v. Dixie Carriers, Inc.*, 434 F.2d 52, 54 (5th Cir. 1970) (holding that final disposition of the lawsuit would impair the proposed intervenor's interest where lawsuit had been settled, but discharged law firm-intervenor had not received payment of the amount owed to it under law firm's contract with plaintiff, its former client, and thus law firm was entitled to intervene to collect what was due to law firm); *Dudley v. Se. Factor and Finance Corp.*, 57 F.R.D. 177, 181 (N.D. Ga. 1972) (holding that if proposed intervenor is denied the right to intervene, its ability to protect its interest would be impaired since, if plaintiff prevailed, defendant's assets might be depleted before proposed intervenor had a chance to reach them).  If CFA is allowed to garnish property of IUD, which is not a party to the underlying proceedings or to the judgment on which the garnishment is based, IUD's interest in its property will undeniably be hampered. *See Druid City Hospital Bd. v. Epperson*, 378 So. 2d 696, 698 (Ala.

1979) ("a creditor may not garnish property which does not belong to the defendant").

   D.   The Existing Parties To This Lawsuit Inadequately Represent IUD's Interests In The Property Which Is The Subject Of This Action.

   IUD's interests in the property which is the subject of this action are not represented adequately by the existing parties to the action. To satisfy the inadequacy requirement, IUD must show only that the current parties' representation *may* not be adequate, and "the burden for making such a showing is minimal." *Stone v. First Union Corp.*, 371 F.3d 1305, 1311 (11th Cir. 2004) (citing *Clark v. Putnam County*, 168 F.3d 458, 461 (11th Cir. 1999)).

   IUD, as the true owner of the property sought to be garnished by CFA, is not adequately represented by any of the current parties to the garnishment. Indeed, under the Alabama garnishment statutes, in the event it appears that another party may have a claim to the property sought to be garnished, the garnishment proceedings are to be stayed and the plaintiff is required to bring the other claimant into the action. ALA. CODE § 6-6-463; *Edwards v. Levisohn*, 2 So. 161, 162-63 (Ala. 1887) ("The duty devolves on the plaintiff to see that notice issues, and the court is bound to suspend further proceedings against the garnishee, and cause a notice to issue to the claimant to come in and propound his claim."). Here, Magazine Express, in its answer to the writ of garnishment, checked the box stating that it held property of the defendant (ICFAI), but explained that the

property actually belongs to ICFAI University Press. As explained above, ICFAI University Press is the publishing arm of IUD, who is not a party to this proceeding. Thus, Magazine Express has in its answer indicated another party which may have a claim to the property, and IUD is therefore required to be made a party to the garnishment proceedings under ALA. CODE § 6-6-463.

## V.   CONCLUSION

In accordance with Rule 24(c), IUD has served and attached, contemporaneously with this Motion to Intervene, its proposed Complaint in Intervention. (Ex. 1.)

To further the goals of intervention—increasing judicial efficiency and protecting the interests of parties not currently represented in the pending action—"Rule 24 is to be construed liberally, and doubts resolved in favor of the proposed intervenor." *Thomas v. Henderson*, 297 F. Supp. 2d 1311, 1326 (S.D. Ala. 2003) (quoting *Turn Key Gaming, Inc. v. Oglala Sioux Tribe*, 164 F.3d 1080, 1081 (8th Cir. 1999)). Accordingly, IUD should be allowed to intervene in the pending action as a matter of right pursuant to Rule 24(a).

WHEREFORE, PREMISES CONSIDERED, IUD respectfully requests this Court to grant its Motion to Intervene and direct the Clerk of Court to accept and file the attached Complaint in Intervention ("Exhibit 1").

DATED this 17th day of May, 2010.

Respectfully submitted,

/s/ Philip G. Piggott
PHILIP G. PIGGOTT
ASB-4379-P67P
E-Mail:  pgp@starneslaw.com

H. THOMAS WELLS, III
ASB-4318-H62W
E-Mail:  htw@starneslaw.com

STARNES DAVIS FLORIE LLP
100 Brookwood Place, 7th Floor
P.O. Box 598512
Birmingham, AL  35259-8512
Telephone: (205) 868-6000
Fax: (205) 868-6099

*Attorneys for ICFAI University-Dehradun*

## CERTIFICATE OF SERVICE

I hereby certify that on May 17, 2010, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

| | |
|---|---|
| Frederick Erben, Esq.<br>John W. Gray, II, Esq.<br>BEDDOW, ERBEN, & BOWEN, P.A.<br>Suite 102-The Massey Building<br>2025 Third Avenue North<br>Birmingham, Alabama 35203<br><br>Stephen E. Baskin, Esq.<br>KILPATRICK STOCKTON LLP<br>607 14th Street, N.W., Suite 900<br>Washington, D.C. 20005-2018<br><br>Burleigh L Singleton, Esq.<br>John P. Jett, Esq.<br>KILPATRICK STOCKTON LLP<br>1100 Peachtree Street, N.W., Suite 2800<br>Atlanta, Georgia 30309 | Mark T. Stancil, Esq.<br>Eric J. Feigin, Esq.<br>ROBBINS, RUSSELL, ENGLERT, ORSECK, UNTEREINER & SAUBER LLP<br>1801 K Street, N.W., Suite 411<br>Washington, D.C. 20006<br><br>Craig Michael Scott, Esq.<br>SCOTT & BUSH Ltd.<br>30 Kennedy Plaza, 4th Floor<br>Providence, RI 02903 |

And service will be perfected upon:

Magazine Express, Inc.
c/o Richard L. Bozzelli
5724 Highway 280 East
Birmingham, AL 35242